IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| 3RD EYE SURVEILLANCE, LLC, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL NO. 6:14-CV-536-JDL |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| THE TOWN OF ADDISON, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Town of Addison's ("Addison") Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue to the Northern District of Texas ("MOTION") (Doc. No. 6). 3rd Eye Surveillance, LLC ("3rd Eye") responded ("RESPONSE") (Doc. No. 22), and Addison replied ("REPLY") (Doc. No. 25). Having considered the parties' arguments and for the reasons set forth below, Addison's Motion is **GRANTED**. The Court finds that venue is improper, and that transfer to the Northern District of Texas is appropriate.

## BACKGROUND

On March 7, 2014, 3rd Eye filed the instant action against Addison alleging, *inter alia*, infringement of U.S. Patent No. 7,323,980 (the "'980 patent"). Specifically, 3rd Eye alleges that Addison has committed, and continues to commit, acts of infringement by using security systems provided by Stealth Monitoring, Inc. ("Stealth"), the defendant in a related case.[1] 3rd Eye is a Texas limited liability company with a principal place of business in Plano, Texas. Addison is a municipal corporation situated in Dallas County, Texas. For purposes of clarity, Addison lies outside of the Eastern District of Texas ("Eastern District"), in the Northern District of Texas ("Northern District").

---

[1] *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-cv-162.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action brought in an improper venue. If the Court finds that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

In patent cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). With respect to corporate defendants (as opposed to individuals), "the 'acts of infringement plus' test is effectively surplusage." *Invensense, Inc. v. STMicroelectronics, Inc.*, No. 2:13-cv-405, 2014 WL 105627 at *2 (E.D. Tex. Jan. 10, 2014) (citing *VE Holding*, 917 F.2d at 1580 n. 17).

In a state with multiple judicial districts, such as Texas, a corporate defendant is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State [or] in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d). Thus, "a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper." *Garnet Digital, LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 815 (E.D. Tex. 2012).

The minimum contacts requirement is satisfied where a plaintiff shows that the defendant is subject to either specific or general jurisdiction. *See Nacionales de Colombia, S.A. v. Hall*,

466 U.S. 408, 414 (1984). A court may exercise specific jurisdiction over a defendant when the defendant purposefully directed its activities at residents of the forum state, the claim arises out of or relates to the defendant's activities within the forum state, and the assertion of personal jurisdiction is reasonable and fair. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (citation omitted). The exercise of general jurisdiction is proper where the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (U.S. 2011) (alteration in original); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

## ANALYSIS

Addison argues that venue is improper and that the action should either be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3), or transferred to the Northern District pursuant to 28 U.S.C. § 1406(a). In the alternative, Addison moves for transfer to the Northern District pursuant to 28 U.S.C. § 1404(a). Because the Court finds that the Eastern District is an improper venue under section 1400(b), it will not address Addison's alternative motion for transfer under section 1404(a).

The parties' dispute centers on whether Addison "resides" in the Eastern District for purposes of section 1400(b).[2] This requires the Court to engage in a jurisdictional analysis to determine if Addison is subject to personal jurisdiction in the Eastern District. *See* 28 U.S.C. § 1391(c). Thus, the threshold question is whether 3rd Eye can demonstrate that Addison has sufficient minimum contacts with the Eastern District to establish proper venue. *See Garnet Digital*, 893 F. Supp. 2d at 815. 3rd Eye neither alleges nor argues that its claims "arise out of" Addison's contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*,

---
[2] 3rd Eye makes no argument as to whether Addison has committed acts of infringement and has a regular or established place of business within this judicial district (RESPONSE at 10).

466 U.S. 408, 415 (1984). Accordingly, the sole issue for the Court to resolve is whether Addison's affiliations with the Eastern District are so "'continuous and systematic' as to render [it] essentially at home" in the Eastern District. *Goodyear*, 131 at 2851.

3rd Eye argues that Addison has sufficient contacts with the Eastern District of Texas based on: 1) two contracts for commercial services with companies located within the district; and 2) Addison's membership in the Texas Municipal League and its attendance at meetings held in Tyler and Longview (Doc. No. 22 at 7). At best, the contracts show that Addison does random and isolated business with proprietors maintaining business addresses in the Eastern District. The fact that representatives of Addison attend meetings held in Tyler and Longview is similarly unavailing. In short, 3rd Eye has failed to show that Addison's contacts with the Eastern District of Texas are "continuous and systematic," much less that Addison's *affiliations* with the district are so "continuous and systematic" as to "render [it] essentially at home in the district." *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*, and explaining that the inquiry is not simply "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic' . . . ."). Accordingly, the Court finds that venue in the Eastern District of Texas is improper under 28 U.S.C. § 1400(b). The Court further finds that transfer to the Northern District of Texas is appropriate under 28 U.S.C. § 1406(a).

## CONCLUSION

Accordingly, Addison's Motion (Doc. No. 6) is **GRANTED**. The Court finds that venue is improper, and that transfer to the Northern District of Texas is appropriate. However, it is important to note that there are related cases pending in this Court against Stealth, No. 6:14-cv-162; the City of Frisco, 6:14-cv-533; and the City of Irving, No 6:14-cv-535 (collectively, the

"municipal defendants").[3] Therefore, to avoid the potential inefficiencies of multidistrict litigation, the Court urges the parties to strongly consider whether, in lieu of immediate transfer, it would be more efficient to stay all claims against the municipal defendants pending resolution of the Stealth case in this district, given the relationship between Stealth and the municipal defendants. While the claims against the municipal defendants would remain stayed pending resolution of the Stealth case, 3rd Eye would be permitted to request certain limited discovery from the municipalities. Upon resolution of the Stealth case, the cases against the municipal defendants could continue, if necessary, in the appropriate district.[4]

Therefore, the parties are **ORDERED** to give notice to the Court within **10 days** of the date of this order whether they are amenable to a stay of all claims against the municipal defendants pending resolution of the Stealth case.

**So ORDERED and SIGNED this 20th day of January, 2015.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[3] 3rd Eye has also filed cases that are currently pending against the City of Fort Worth, No. 6:14-cv-725, and the City of Austin, No. 6:14-cv-818, alleging infringement of the '980 patent.

[4] Stealth provided the allegedly infringing security systems and/or services to the municipal defendants, and is contractually obligated to indemnify them. Thus, resolution of the case as to Stealth may resolve the case as to all defendants. Given the early stage of the cases against Fort Worth, No. 6:14-cv-725, and Austin, No. 6:14-cv-818, the relationships between Fort Worth and Stealth, and Austin and Stealth, are unclear.